IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:23-cv-00453-MR-WCM

| | |
|---|---|
| JERITON LAVAR CURRY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MAX O. COGBURN, et al., )<br>)<br>Defendants. )<br>_____ ) | O R D E R |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.    BACKGROUND**

The pro se Plaintiff is a federal prisoner who was sentenced to 151 months' imprisonment in Case No. 3:16-cr-00074-MOC (W.D.N.C.). The Plaintiff filed the present case pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971),[1] naming the following Defendants: United States District Judge Max O. Cogburn, who was the Plaintiff's sentencing judge; United States Magistrate Judges David

---

[1] A Bivens action is the judicially-created counterpart to 42 U.S.C. § 1983, and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct. 403 U.S. at 395-97.

Cayer and David Keesler, who conducted pretrial proceedings in the Plaintiff's criminal case; and Chiege Kalu Okwara, who was the Plaintiff's appointed attorney in the criminal case. In the present action, the Plaintiff claims that Judge Cogburn abused his discretion by denying Plaintiff's Motions seeking to withdraw his guilty plea and the appointment of counsel; that Magistrate Judge Keesler abused his discretion by refusing to remove counsel due to a conflict of interest; that Magistrate Judge Cayer committed "judicial misconduct" by proceeding with the Rule 11 hearing; and that Ms. Okwara provided ineffective assistance of counsel. [Doc. 1 at 5; Doc. 1-1 at 1-4]. As relief, the Plaintiff seeks:

> To be presented before another United States District Judge in another district, represented by an effective attorney, or to be acquitted of all charges and compensated 10 million dollars due to actual and punitive damages.

[Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the

complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.   DISCUSSION

The Plaintiff names as Defendants the District Judge and two Magistrate Judges who presided over his criminal case. Judges are immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of

3

acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted).  Accordingly, the Plaintiff's claims against Judges Cogburn, Cayer, and Keesler based on their participation as judicial officers in the Plaintiff's criminal case are barred by judicial immunity and are therefore dismissed with prejudice.  See, e.g., Galloway v. Davis, No. 23-1386, 2023 WL 4105708 (4th Cir. June 21, 2023) (affirming dismissal with prejudice of a Bivens action under § 1915(e)(2) as barred by judicial immunity); Mills v. Marchant, No. 8:19-cv-1512-TMC-JDA, 2019 WL 2647600, at *2–3 (D.S.C. June 4, 2019), *adopted*, 2019 WL 2644216 (D.S.C. June 27, 2019) (noting that dismissal with prejudice is proper under 28 U.S.C. § 1915 where claims against a judge are barred by the doctrine of judicial immunity and therefore frivolous).

The Plaintiff also names as a Defendant his former criminal defense attorney.  Under Bivens, defense counsel is not a federal official who is subject to suit.  See, e.g, Mungro v. Tate, 3:20-cv-605-MR, 2021 WL 1030240 (W.D.N.C. March 16, 2021); Ashe v. Amburgey, No. 1:19-cv-26-FDW, 2019 WL 956814 (W.D.N.C. Feb. 27, 2019); Begara v. Chafin, No.

7:07-cv-61, 2007 WL 549114 (W.D. Va. Feb. 20, 2007). The Plaintiff cannot, therefore, pursue a claim against Defendant Okwara via this Bivens action.[2]

For all these reasons, the Court finds that the Plaintiff's Complaint is legally frivolous and fails to state a claim upon which relief may be granted. The Court further finds that amendment of the Complaint, if requested, would be futile because these errors are not capable of correction. Accordingly, this action will be dismissed with prejudice. See, e.g., Galloway v. Davis, No. 23-1386, 2023 WL 4105708 (4th Cir. 2023) (affirming the dismissal with prejudice of a Bivens action that was barred by judicial immunity, pursuant to § 1915(e)(2)(B)).[3]

---

[2] Likewise, defense attorneys are not state actors and, thus, are not subject to suit under 42 U.S.C. § 1983. See generally Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("a public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act 'under the color of state law' merely by making use of the state's court system.").

[3] While styled as a civil action under Bivens, the Plaintiff's Complaint clearly attacks the validity of his federal conviction and sentence on various constitutional grounds. Moreover, at least part of the relief that the Plaintiff seeks in the present action is identical to the relief that could be obtained through a successful proceeding pursuant to 28 U.S.C. § 2255. The Plaintiff has already prosecuted a number of unsuccessful § 2255 proceedings in this Court. See Case Nos. 3:19-cv-292-MOC (§ 2255 Motion to Vacate); 3:22-cv-180-MOC (Savings Clause Petition pursuant to § 2255(e) and 28 U.S.C. § 2241); 3:23-cv-32-MOC (Savings Clause Petition in which the Court noted that Petitioner did not appear to be operating in good faith). Further, the Fourth Circuit has denied him authorization to file a successive § 2255 petition. Curry v. United States, No. 22-165 (4th Cir.). The Plaintiff is barred from presenting any further successive motions to vacate unless he secures authorization from the Fourth Circuit to file a second § 2255 motion. See 28 U.S.C. § 2255(h). Thus, to the extent that the Plaintiff asserts claims challenging to the validity of his underlying conviction and sentence, it appears that the Complaint is also subject to dismissal as an unauthorized, successive § 2255 petition.

## IV. CONCLUSION

In sum, this action is dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted, and for seeking damages from immune parties.

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge